UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____ :
                               :
ALFRED DOTY,                   :
                               :
        Plaintiff,             :     Civ. No. 15-3016 (NLH)
                               :
    v.                         :     OPINION
                               :
UNITED STATES OF AMERICA, et al., :
                               :
        Defendants.            :
_____ :

APPEARANCES:
Robert M. Miele, Esq.
Burke, Miele & Golden, LLP
40 Matthews St.
Suite 209
P.O. Box 216
Goshen, NY 10924,
    Counsel for Plaintiff

David Vincent Bober, Esq.
Office of the United States Attorney
402 E. State Street
Room 430
Trenton, NJ 08608
    Counsel for Defendants


HILLMAN, District Judge

    Plaintiff Alfred Doty, an inmate currently confined at the

Federal Correctional Institution ("FCI") in Fort Dix, New

Jersey, filed this civil rights action pursuant to 42 U.S.C. §

1983 and paid the filing fee. (ECF No. 1).  On August 3, 2015,

Plaintiff filed an Amended Complaint. (ECF No. 8).  On November

16, 2015, Defendants filed a Motion to Dismiss in lieu of an

Answer. (ECF No. 20).  Plaintiff filed a Memorandum in

Opposition (ECF No. 25) and Defendants filed a Reply brief (ECF

No. 28).  The matter is now fully briefed.  The Court has

considered the submissions of the parties and decides this

matter without oral argument pursuant to Federal Rule of Civil

Procedure 78.  For the reasons set forth below, Defendants'

motion will be GRANTED and the Complaint will be DISMISSED

WITHOUT PREJUDICE.

## I.    BACKGROUND

In his Amended Complaint, Plaintiff alleges that on and

before August 24, 2013, he was incarcerated at FCI Fort Dix and

housed in Unit 5711.  Plaintiff states that another inmate at

FCI Fort Dix ("Unknown Inmate") was confined to a different

housing unit at that time.  Despite being housed in a different

unit, Plaintiff states that on August 24, 2013, Unknown Inmate

entered Unit 5711 and assaulted Plaintiff.  Plaintiff states

that he suffered significant injuries and he alleges that the

assault occurred as a direct and proximate result of the

negligence of the Defendants.  Specifically, Plaintiff asserts

that Defendants were negligent by: (1) "le[aving] the front door

unlocked in between ten minute moves"; (2) "fail[ing] to monitor

the housing unit while the door was unlocked"; (3) "fail[ing] to

have sufficient guards stations in and near the unlocked door";

and (4) "fail[ing] to confine Unknown Inmate . . . ." (Am. Compl. 4, ECF No. 8).

Plaintiff further asserts that Defendants acted with deliberate indifference to Plaintiff's health and safety and, in doing so, violated his Eighth Amendment rights.  Finally, Plaintiff contends that Defendants are liable to him for their failure to train, supervise, control and discipline the individual correctional officers.  Plaintiff seeks actual and exemplary damages in the amount of $5,000,000.00.

In lieu of filing an Answer, Defendants have filed a Motion to Dismiss. (ECF No. 20).  First, Defendants assert that Plaintiff's negligence claim, brought under the Federal Tort Claims Act ("FTCA"), is barred by the discretionary function exception to the FTCA.  Defendants further assert that Plaintiff has failed to provide sufficient factual allegations to set forth a claim under <u>Bivens</u>.

I.   <u>DISCUSSION</u>

A. <u>Timeliness</u>

In a footnote in Plaintiff's Memorandum in Opposition, Plaintiff asserts that Defendants' motion to dismiss is untimely. (Mem. In Opp. 8 n.1, ECF No. 25).  Plaintiff requests that the court reject Defendants' motion.  In their Reply submission, Defendants concede that their motion is untimely.  Specifically, Defendants state that any responsive pleading was

3

due on October 16, 2015; however, the instant motion was not filed until November 16, 2016.  Defendants describe the delay as an inadvertent oversight and state that it was "not an attempt to deliberately disregard the Court's order." (Reply 17, ECF No. 28).  Defendants request that the Court grant a nunc pro tunc extension of time and consider the motion on the merits.

Plaintiff did not seek the entry of default after Defendants missed the October 16, 2015 deadline, nor did Plaintiff — aside from a passing request in a footnote — move to strike the motion to dismiss after it had been untimely filed. Cf. Martinez v. Colombian Emeralds, Inc., No. 2007-06, 2009 WL 578547, at *35 n.11 (V.I. Mar. 4, 2009) (holding that lower court was obligated to resolve motions for entry of default prior to considering subsequently-filed motions to dismiss). Further, as Defendants point out, Plaintiff does not allege any prejudice that would result from the Court's consideration of Defendants' motion on the merits.  Finally, this Court notes that the Third Circuit has expressed a preference to decide cases on the merits. See United States v. $55,518.05 in United States Currency, 728 F.2d 192, 194-95 (3d Cir. 1984); Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1984) ("[W]e have repeatedly stated our preference that cases be disposed of on the merits whenever practicable."); Smith v. Riley, No. 14-7247, 2015 WL 4615913, at *8 (D.N.J. July 31, 2015).

4

Therefore, the Court will excuse the inadvertent untimeliness of Defendants' motion and consider it on the merits. See, e.g., Brown v. Rectenwald, No. 1:12-CV-1135, 2013 WL 1313919, at *2 (M.D. Pa. Mar. 28, 2013), aff'd sub nom. Brown v. Recktenwald, 550 F. App'x 96 n.1 (3d Cir. 2013) (considering untimely motion on the merits); Seymour v. Life Care Ret. Communities, Inc., No. 09-0444, 2009 WL 2007056, at *1 n.1 (W.D. Pa. July 9, 2009) (noting that defendant's motion was untimely and nevertheless considering it on the merits).

   B. Rule 12(b)(1) - Subject Matter Jurisdiction

In their motion, Defendants assert that this Court lacks subject matter jurisdiction over Plaintiff's claims. (Mot. 14, ECF No. 20-1). Pursuant to the Federal Rule of Civil Procedure 12(b)(1), a claim can be dismissed for "lack of jurisdiction over the subject matter." There are two types of Rule 12(b)(1) motions: one which presents a facial challenge, and one which presents a factual challenge. See Constitution Party of Pennsylvania v. Aichele, 757 F.3d 347, 358 (3d Cir. 2014); Petruska v. Gannon Univ., 462 F.3d 294, 302 n.3 (3d Cir. 2006) (citing Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)). A "facial attack" assumes that the allegations of the complaint are true, but contends that the pleadings fail to present an action within the court's jurisdiction. Mortensen, 549 F.2d at 891. "When considering a

facial attack, 'the Court must consider the allegations of the complaint as true,' and in that respect such a Rule 12(b)(1) motion is similar to a Rule 12(b)(6) motion." Petruska, 462 F.3d at 302 n.3 (citing Mortensen, 549 F.2d at 891).

By contrast, when an attack is a factual attack,

> there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.  In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.  Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist.

Mortensen, 549 F.2d at 891; see also Aichele, 757 F.3d at 358 (explaining differences between a facial and factual attack under Rule 12(b)(1)).

1. Standard For Dismissal under 12(b)(1)

The precise form of the challenge under 12(b)(1) is significant because, as set forth above, the standard of review for a facial and factual attack "differs greatly." Mortensen, 549 F.2d at 891.  Here, Defendants have not stated whether this Rule 12(b)(1) motion is a facial or factual attack.  However, given the facts of this case and its procedural posture, the Court concludes that Defendants have asserted a facial attack pursuant to FED. R. CIV. P. 12(b)(1).  As an initial matter, "[a] factual jurisdictional proceeding cannot occur until plaintiff's allegations have been controverted." Mortensen, 549 F.2d at 892

n.17.  Because Defendants filed this Motion to Dismiss prior to filing an Answer to the Complaint, it is considered a facial challenge. See Constitution Party of Pennsylvania v. Aichele, 757 F.3d 347, 358 (3d Cir. 2014) (holding that a 12(b)(6) motion filed prior to any answer was, "by definition, a facial attack"); Kalick v. United States, 35 F. Supp. 3d 639, 644 (D.N.J. 2014), aff'd, 604 F. App'x 108 (3d Cir. 2015), cert. denied, 136 S. Ct. 141, 193 L. Ed. 2d 106 (2015) (citing Cardio-Med. Associates, Ltd. v. Crozer-Chester Med. Ctr., 721 F.2d 68, 75 (3d Cir. 1983) ("A motion to dismiss for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1) which is filed prior to answering the complaint is considered a 'facial challenge' to the court's subject matter jurisdiction.")).

Moreover, "[a] factual attack requires a factual dispute, and there is none here." Aichele, 757 F.3d at 358.  Defendants do not dispute any of the allegations of the Complaint. Instead, they assert that Plaintiff's claims, as pled, are precluded by the discretionary function exception to the FTCA.

Because the instant motion pursuant to Rule 12(b)(1) was filed prior to an answer, this Court must "review only whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court." Licata v. U.S. Postal Serv., 33 F.3d 259, 260 (3d Cir. 1994); see also Kalick, 35 F. Supp. 3d at 644.

Essentially, "a facial attack calls for a district court to apply the same standard of review it would use in considering a motion to dismiss under Rule 12(b)(6) . . . ." Aichele, 757 F.3d at 358; see also Pitman v. Ottehberg, No. 10-2538, 2015 WL 179392, at *3 (D.N.J. Jan. 14, 2015) ("[T]he Court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff.") (citing Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005) and Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008)).

   2. FTCA Claims

   The United States has sovereign immunity except where it consents to be sued. United States v. Bormes, 133 S. Ct. 12, 16, 184 L. Ed. 2d 317 (2012); United States v. Mitchell, 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983).  In the absence of such a waiver of immunity, Plaintiff cannot proceed in an action for damages against the United States. See FDIC v. Meyer, 510 U.S. 471, 484–87, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994).

   The Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2401, 2671, et seq., constitutes a limited waiver of the sovereign immunity of the United States. 28 U.S.C. § 2679(b)(1); White-Squire v. United States Postal Service, 592 F.3d 453, 456 (3d Cir. 2010).  The Federal Tort Claims Act gives a district court exclusive jurisdiction over civil actions:

> [1] against the United States, [2] for money damages, ... [3] for injury or loss of property, ... [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

Deutsch v. United States, 67 F.3d 1080, 1091 (3d Cir. 1995) (quoting 28 U.S.C. § 1346(b)); see also CNA v. United States, 535 F.3d 132, 141 (3d Cir. 2008) (quoting FDIC v. Meyer, 510 U.S. at 477); United States v. Muniz, 374 U.S. 150, 83 S.Ct. 1850, 10 L.Ed.2d 805 (1963).

The FTCA, however, does not encompass all torts committed by federal government employees.  Rather, the "discretionary function" exception provides that the provisions of the FTCA shall not apply to any claim "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a).  To determine whether the discretionary function exception applies, a court must determine (1) "whether the act involves an 'element of judgment or choice," and (2), if so, "'whether that judgment is of the kind that the discretionary function exception was designed to shield.'" Mitchell v. United States, 225 F.3d 361 (3d Cir. 2000) (quoting United States v. Gaubert, 499 U.S. 315, 322, 111 S. Ct.

9

1267, 113 L.Ed.2d 335 (1991)).  More specifically, with respect to the second requirement, the discretionary function exception "protects only governmental actions and decisions based on considerations of public policy." Berkovitz v. United States, 486 U.S. 531, 537, 108 S. Ct. 1954, 100 L.Ed.2d 531 (1988). See generally S.R.P. ex rel. Abunabba v. United States, 676 F.3d 329 (3d Cir. 2012).

In this case, the parties disagree regarding the conduct at issue and, as a corollary, the application of the discretionary exception doctrine.  Namely, Defendants characterize the conduct at issue as a general failure to protect Plaintiff from assault. Defendants rely on a line of cases which have determined that although federal statute requires the Bureau of Prisons ("BOP") to "provide for the 'protection' and 'safekeeping' of inmates, see 18 U.S.C. § 4042(a)(2), the statute leaves the implementation of these duties to BOP officials' discretion." Thrower v. U.S., 528 F. App'x 108, 111 (3d Cir. 2013) (citing Mitchell, 225 F.3d at 363 and Cohen v. United States, 151 F.3d 1338, 1342 (11th Cir. 1998)); see also Rinaldi v. United States, 460 F. App'x 80, 81–82 (3d Cir. 2012).  Accordingly, Defendants contend that the discretionary function applies and that Plaintiff cannot state a claim for negligent failure to protect under the FTCA.

Plaintiff, however, provides a more narrow interpretation of the conduct at issue, and relies on the holding in Gray v. United States, 486 F. App'x 975, 978 (3d Cir. 2012).  In Gray, a plaintiff was attacked by another inmate with a razor and claimed that the prison staff defendant violated a non-discretionary policy which required prison staff to collect razors at the end of a shower.  Because a policy was in place which specifically prescribed a course of action for prison staff to follow, the Third Circuit concluded that "the task of collecting razors [did] not involve an element of judgment or choice and the discretionary function exception [was] inapplicable." Gray, 486 F. App'x at 978.

Here, by analogy, Plaintiff states that there is a mandatory policy in place which bars inmates from entering certain areas.  Plaintiff asserts that Defendants had no discretion to permit Unknown Inmate from entering Unit 5711 (where Plaintiff was assaulted); therefore, the conduct at issue in this case did not involve an element of choice and the discretionary function is inapplicable.  Plaintiff's argument is misplaced.

As Defendants point out, the policy[1] described by Plaintiff "prohibit[s] inmates from entering unauthorized areas." (Mem. In

---

[1] Plaintiff's Amended Complaint makes only a vague reference to "FCI Fort Dix and Federal Bureau of Prisons policy" (Am. Compl.

Opp'n 13, ECF No. 25); see also (Id. at 15) ("Here, a specific rule or policy prohibited inmates from entering housing units they were not assigned to."). Thus, unlike the policy relied on in Gray — which imposed a mandatory obligation on BOP employees — the policy relied on in this case places a mandatory restriction on inmates. Accordingly, Plaintiff asks this Court to frame the conduct at issue as the BOP's non-discretionary duty to prevent inmates from violating BOP policy. To do so would produce absurd results in that every time an inmate engaged in an act prohibited by BOP policy, BOP officials could be held liable.

Further, Plaintiff's attempt to distinguish the facts of this case from the cases cited by Defendants is without merit. Contrary to Plaintiff's assertions, here, "[n]o federal statute, regulation, or policy required the BOP to take a particular course of action to ensure [Plaintiff's] safety from attacks by other inmates." Donaldson v. United States, 281 F. App'x 75, 77 (3d Cir. 2008). Although Plaintiff alleges that Defendants were negligent by (1) "le[aving] the front door unlocked in between ten minute moves"; (2) "fail[ing] to monitor the housing unit

---

3, ECF No. 8), and does not elaborate on the substance of that policy. However, in his Opposition to Defendants' motion, Plaintiff clarifies his argument and describes in detail the policy which he asserts was violated by Defendants' conduct.

while the door was unlocked"; (3) "fail[ing] to have sufficient guards stations in and near the unlocked door"; and (4) "fail[ing] to confine Unknown Inmate" (Am. Compl. 4, ECF No. 8), neither the Amended Complaint, nor any of Plaintiff's subsequent filings, refers to any federal statute, regulation, or policy requiring the BOP to take these specific courses of action.

In other words, Plaintiff cites to no source of law or policy which mandated that prison staff lock the door in between ten minute moves, called for continuous monitoring of the housing door, required a certain number of guard stations near the housing door, or required that prison staff confine Unknown Inmate in a particular manner. As set forth above, Plaintiff's reliance on the Inmate Handbook policy is misplaced because that policy precludes inmates from engaging in certain behavior, as opposed to affirmatively prescribing a particular action on the part of BOP employees. Defendants cannot be held liable simply because an inmate failed to adhere to a policy.

Therefore, based on the information set forth in the Amended Complaint, the conduct at issue here is more appropriately framed as a general duty to provide for the protection and safekeeping of inmates, and the implementation of these duties is left to BOP officials' discretion. See Thrower, 528 F. App'x at 111. As a result, the discretionary function applies and Plaintiff cannot state a claim for negligent failure

to protect under the FTCA.  This claim will be dismissed. <u>See,</u> <u>e.g.</u>, <u>id.</u> (affirming district court's dismissal of plaintiff's FTCA claim alleging negligence in failing to protect); <u>Sargent</u> <u>v. United States</u>, 620 F. App'x 69, 71-72 (3d Cir. 2015) (same) (collecting cases); <u>Anderson v. United States</u>, No. 14-1411, 2015 WL 93786, at *2 (D.N.J. Jan. 7, 2015) (granting motion to dismiss for lack of jurisdiction because discretionary function exception applied); <u>Acosta v. Schultz</u>, No. 12-6614, 2014 WL 886888, at *10 (D.N.J. Mar. 6, 2014) (dismissing claim for negligent failure to protect under the FTCA)).

Having concluded that this Court lacks jurisdiction over Plaintiff's FTCA claim, the Court next addresses Defendants' argument that Plaintiff's <u>Bivens</u>[2] claim should be dismissed pursuant to Rule 12(b)(6).

C. <u>Rule 12(b)(6)</u>

1. <u>Standard For Dismissal under 12(b)(6)</u>

When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-

---

[2] Pursuant to the Supreme Court's recent decision in <u>Simmons v.</u> <u>Himmelreich</u>, dismissal of a plaintiff's FTCA claim does not bar that plaintiff from filing suit against an individual employee who is alleged to have violated his constitutional rights. No. 15-109, 2016 WL 3128838, at *2 (U.S. June 6, 2016) ("[W]here an FTCA claim is dismissed because it falls within one of the 'Exceptions,' the dismissal signals merely that the United States cannot be held liable for a particular claim; it has no logical bearing on whether an employee can be liable instead.").

pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim. Bogosian v. Gulf Oil Corp., 562 F.2d 434, 446 (3d Cir. 1977).  However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Baldwin Cty. Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3, 104 S. Ct. 1723, 1725, 80 L. Ed. 2d 196 (1984) (quotation and citation omitted).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 n.8, 127 S. Ct. 1955, 1969, 167 L. Ed. 2d 929 (2007) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 1686, 40 L. Ed. 2d 90 (1974)); see also Ashcroft v. Iqbal, 556 U.S. 662, 684, 129 S.

15

Ct. 1937, 1952, 173 L. Ed. 2d 868 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions'...."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal ... provides the final nail-in-the-coffin for the 'no set of facts' standard that applied to federal complaints before Twombly.").

In reviewing a Rule 12(b)(6) motion, a court must only consider the facts alleged in the pleadings, the documents attached to or specifically referenced in the complaint if the claims are based on those documents, and matters of judicial notice. S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd., 181 F.3d 410, 426 (3d Cir. 1999); In re Bayside Prison Litig., 190 F.Supp.2d 755, 760 (D.N.J. 2002); see also Winer Family Trust v. Queen, 503 F.3d 319, 327 (3d Cir. 2007). For this reason, the Court will not consider the exhibits and declarations submitted by the parties.[3]

2. Bivens Claims

In Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388, 91 S. Ct. 1999, 29 L.Ed.2d 619 (1971), the Supreme Court held that a violation of the Fourth Amendment by a federal agent

---

[3] To the extent Plaintiff may assert that the Inmate Handbook (Pl.'s Ex. A, ECF No. 24-1) provides support for his claims, the Court notes that consideration of this document is not necessary because, for purposes of this motion, this Court accepts as true Plaintiff's allegation that a policy exists which prohibits inmates from entering certain areas.

acting under color of his authority gives rise to a cause of action against that agent, individually, for damages.  The Supreme Court has also implied damages remedies directly under the Eighth Amendment, see Carlson v. Green, 446 U.S. 14, 100 S. Ct. 1468, 64 L.Ed.2d 15 (1980), and the Fifth Amendment, see Davis v. Passman, 442 U.S. 228, 99 S. Ct. 2264, 60 L.Ed.2d 846 (1979).  But "the absence of statutory relief for a constitutional violation does not necessarily mean that courts should create a damages remedy against the officer responsible for the violation." Schreiber v. Mastrogiovanni, 214 F.3d 148, 152 (3d Cir. 2000) (citing Schweiker v. Chilicky, 487 U.S. 412, 108 S. Ct. 2460, 101 L.Ed.2d 370 (1988)).

Bivens actions are simply the federal counterpart to § 1983 actions brought against state officials who violate federal constitutional or statutory rights. See Egervary v. Young, 366 F.3d 238, 246 (3d Cir. 2004), cert. denied, 543 U.S. 1049, 125 S. Ct. 868, 160 L.Ed.2d 769 (2005).  Both are designed to provide redress for constitutional violations.  Thus, while the two bodies of law are not "precisely parallel", there is a "general trend" to incorporate § 1983 law into Bivens suits. See Chin v. Bowen, 833 F.2d 21, 24 (2d Cir. 1987).

In order to state a claim under Bivens, a claimant must show: (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) that the deprivation of

17

the right was caused by an official acting under color of federal law. See Couden v. Duffy, 446 F.3d 483, 491 (3d Cir. 2006) (stating that under Section 1983 "an individual may bring suit for damages against any person who, acting under color of state law, deprives another individual of any rights, privileges, or immunities secured by the United States Constitution or federal law," and that Bivens held that a parallel right exists against federal officials); see also Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 66, 122 S. Ct. 515, 518, 151 L. Ed. 2d 456 (2001).

   3. Failure-To-Protect Claims under Bivens

   Under the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement, including adequate personal safety. Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970, 128 L.Ed.2d 811 (1994); Young v. Quinlan, 960 F.2d 351, 364 (3d Cir. 1992).  Accordingly, prison officials must take reasonable measures "to protect prisoners from violence at the hands of other prisoners." Farmer, 511 U.S. at 833 (internal quotations omitted).  "Being violently assaulted in prison is simply 'not part of the penalty that criminal offenders pay for their offenses against society.'" Id. at 834 (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 101 S. Ct. 2392, 69 L.Ed.2d 59 (1981)).

To successfully state a failure-to-protect claim for violation of the Eighth Amendment, as always, an inmate must satisfy both the objective and subjective components of such a claim.  The inmate must allege a deprivation which was "sufficiently serious," and that, in their actions or omissions, prison officials exhibited "deliberate indifference" to the inmate's health or safety. See Farmer, 511 U.S. at 834; Wilson v. Seiter, 501 U.S. 294, 305, 111 S. Ct. 2321, 115 L.Ed.2d 271 (1991); Beers-Capitol v. Whetzel, 256 F.3d 120, 125 (3d Cir. 2001); Nami v. Fauver, 82 F.3d 63, 67 (3d Cir. 1996).

In the context of a failure-to-protect claim, the inmate must show that he is "incarcerated under conditions posing a substantial risk of harm," Farmer, 511 U.S. at 833, and that prison officials knew of and disregarded the excessive risk to inmate safety, id. at 837.  "A pervasive risk of harm may not ordinarily be shown by pointing to a single incident or isolated incidents, but it may be established by much less than proof of a reign of violence and terror." Riley v. Jeffes, 777 F.2d 143, 147 (3d Cir. 1985).  Deliberate indifference is more than a mere lack of ordinary due care; however, it is a state of mind equivalent to a reckless disregard of a known risk of harm. Farmer, 511 U.S. at 834.  That is, not only must a prison official be "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but the

official "must also draw the inference." <u>Farmer</u>, 511 U.S. at 837.  "Whether ... prison official[s] had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, and a fact finder may conclude that ... prison official[s] knew of a substantial risk from the very fact that the risk was obvious." <u>Farmer</u>, 511 U.S. at 842.

Here, Plaintiff asserts that Defendants acted with "deliberate indifference to the Plaintiff's health and safety by permitting an inmate with a known history of harassment of other inmates to enter into a housing unit where he did not reside and be left alone with other inmates." (Am. Compl. 5, ECF No. 8). In their motion to dismiss, Defendants assert that Plaintiff has failed to allege specific facts which establish that Defendants had actual knowledge of an excessive risk to inmate safety in advance of the assault. (Mot. 27, ECF No. 20-1).  Accordingly, Defendants contend that Plaintiff's <u>Bivens</u> claims should be dismissed.  The Court agrees.

The Court notes that, in his Memorandum in Opposition, Plaintiff contends that the Amended Complaint "sets forth specific facts that establish [the Defendants'] individual actual knowledge." (Mem. In Opp. 23, ECF No. 25).  However, the Court has thoroughly reviewed the Amended Complaint and finds it to be completely devoid of any specific factual allegations.

Rather, the portion of the Amended Complaint devoted to Plaintiff's <u>Bivens</u> claims is merely a collection of conclusory allegations.  Specifically, Plaintiff states the following:

> 21.  The Fort Dix Defendants' actions constituted cruel and unusual punishment, as they showed deliberate indifference to the Plaintiff's health and safety by permitting an inmate with a known history of harassment of other inmates to enter into a housing unit where he did not reside and be left alone with other inmates.
>
> 22.  The Fort Dix Defendants knew of the substantial risk of serious harm to inmates in Unit 5711 from leaving the door unlocked, failing to monitor entry into Unit 5711 and failing to properly monitor their inmates.
>
> 23.  The Fort Dix Defendants purposely ignored the known risks associated with leaving the door unlocked and not monitoring entry into Unit 5711 to the detriment of the health and safety of the Plaintiff.
>
> 24.  The Fort Dix Defendants knew that Unknown Inmate was dangerous and there was a substantial risk that he would cause serious harm to other inmates.
>
> 25.  The Fort Fix [sic] Defendants knew that Unknown Inmate had on prior occasions been in prohibited and unauthorized areas including, but not limited to, Unit 5711, but failed to monitor him.
>
> 26.  The Fort Dix Defendants purposefully ignored the known risks associated with Unknown Inmate to the detriment of the health and safety of the Plaintiff.
>
> . . .
>
> b.  That the Defendants either by affirmative acts or omissions, had in place policies, practices, procedures and/or guidelines that violated or led to the violation of the rights of Plaintiff Doty.
>
> c.  That Defendants are further liable for their failure to train, instruct, supervise, control and

discipline the individual correction officers on a
continuing basis . . .

(Am. Compl. 5-6, ECF No. 8).

Plaintiff does not offer any factual support for the
allegations set forth above.  He does not mention the specific
Defendants by name, nor does he describe how or when they
acquired actual knowledge of a risk to Plaintiff.  He does not
describe the policies, practices, procedures or guidelines which
he alleges violated his rights, and he does not explain
precisely how or why he believes that the correctional officers'
training, instruction, supervision, control and discipline was
deficient.  Further, Plaintiff does not allege any action, or
inaction, on the part of any of the individual Defendants which
would explain how they acted with deliberate indifference or
otherwise violated Plaintiff's rights.  Aside from their alleged
status as employees of the BOP, it is unclear how, or if, these
Defendants are personally involved in the incident described by
Plaintiff.

"[A]lthough a court will accept well-pleaded allegations as
true for the purposes of the motion, it will not accept bald
assertions, unsupported conclusions, unwarranted inferences, or
sweeping legal conclusions cast in the form of factual
allegations." Estate of Dasaro v. Cnty. of Monmouth, No. 14-
7773, 2015 WL 5771606, at *3 (D.N.J. Sept. 30, 2015) (citing

22

_Iqbal_, 556 U.S. at 678-79).  Accordingly, Plaintiff's claims under _Bivens_ are dismissed without prejudice for failure to state a claim.

V. <u>CONCLUSION</u>

For the reasons set forth above, Defendants' Motion to Dismiss (ECF No. 20) will be GRANTED and the Complaint will be dismissed.  Because it is possible that Plaintiff may be able to amend or supplement his complaint with facts sufficient to overcome the deficiencies noted herein, this dismissal is without prejudice.  _See_ _Denton v. Hernandez_, 504 U.S. 25, 34, 112 S. Ct. 1728, 118 L.Ed.2d 340 (1992) (holding that where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment).  Plaintiff shall be given leave to file, within 45 days, an application to re-open accompanied by a proposed amended complaint.[4]

An appropriate Order follows.

<table>
<tr><td></td><td>____s/ Noel L. Hillman____</td></tr>
<tr><td>Dated: June 15, 2016</td><td>NOEL L. HILLMAN</td></tr>
<tr><td>At Camden, New Jersey</td><td>United States District Judge</td></tr>
</table>

---

[4] Plaintiff should note that when an amended complaint is filed, it supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading. _See_ _West Run Student Housing Associates, LLC v. Huntington National Bank_, 712 F.3d 165, 171 (3d Cir. 2013)(collecting cases); _see also_ 6 CHARLES ALAN WRIGHT ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1476 (3d ed. 2008).  To avoid confusion, the safer practice is to submit an amended complaint that is complete in itself. _Id._