```
                        UNITED STATES DISTRICT COURT
                           DISTRICT OF NEW JERSEY
```

_____
                                    :
ALFRED DOTY,                        :
                                    :
        Plaintiff,                  :   Civ. No. 15-3016 (NLH)
                                    :
    v.                              :   OPINION
                                    :
UNITED STATES OF AMERICA, et al.,   :
                                    :
        Defendants.                 :
_____:


APPEARANCES:
Robert M. Miele, Esq.
Burke, Miele & Golden, LLP
40 Matthews St.
Suite 209
P.O. Box 216
Goshen, NY 10924,
    Counsel for Plaintiff

David Vincent Bober, Esq.
Office of the United States Attorney
402 E. State Street
Room 430
Trenton, NJ 08608
    Counsel for Defendants


HILLMAN, District Judge

    Plaintiff Alfred Doty, an inmate currently confined at the Federal Correctional Institution ("FCI") in Fort Dix, New Jersey, filed this civil rights action pursuant to 42 U.S.C. § 1983 and paid the filing fee. (ECF No. 1.) On August 3, 2015, Plaintiff filed an Amended Complaint. (ECF No. 8.) On November

16, 2015, Defendants filed a Motion to Dismiss in lieu of an Answer. (ECF No. 20.) On June 15, 2016, the Court granted Defendants' motion and dismissed the amended complaint without prejudice in its entirety. (ECF Nos. 29, 30.) The Court allowed Plaintiff to file a second amended complaint ("SAC"), which he did on July 29, 2016. (ECF Nos. 31.) The Court conducted its sua sponte screening of the SAC and permitted it to proceed. (ECF No. 32.) In lieu of an answer, Defendants filed the instant Motion to Dismiss (ECF No. 37), Plaintiff filed Opposition (ECF Nos. 40-42), and Defendants filed a Reply (ECF No. 44). The Court has considered the submissions of the parties and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons discussed below, the Court will grant the Motion in part and deny it in part.

**I. BACKGROUND**

In the SAC, Plaintiff alleges that on and before August 24, 2013, he was incarcerated at FCI Fort Dix and housed in Unit 5711. Plaintiff states that another inmate at FCI Fort Dix ("Unknown Inmate") was confined to a different housing unit at that time. Despite being housed in a different unit, Plaintiff states that on August 24, 2013, Unknown Inmate entered Unit 5711 and assaulted Plaintiff. Plaintiff states that he suffered significant injuries and he alleges that the assault occurred as

2

a direct and proximate result of the negligence of the
Defendants. Specifically, Plaintiff asserts that "the Fort Dix
Defendants breached their duty to keep Plaintiff reasonably safe
and protect him from assault by Unknown Inmate by allowing
Unknown Inmate to gain unauthorized access into Unit 5711 and
assault Plaintiff." (SAC ¶ 29.) Plaintiff alleges that
Defendants have a mandatory obligation, pursuant to the
"Institution Supplement on Inmate Accountability," to "account[]
for inmates within their control, and account[] for inmates that
are not where they should be," which was violated on August 24,
2013. (Id. at ¶¶ 30; 31.)

Plaintiff further asserts that Defendants acted with
deliberate indifference to Plaintiff's health and safety and, in
doing so, violated his Eighth Amendment rights. Finally,
Plaintiff contends that Defendants are liable to him for their
failure to train, supervise, control and discipline the
individual correctional officers. Plaintiff seeks actual and
exemplary damages in the amount of $5,000,000.00.

## II. DISCUSSION

### A. Federal Tort Claims Act[1]

---

[1] In their Motion, Defendants argue that this Court lacks subject matter jurisdiction over Plaintiff's Federal Tort Claim. (Mot. 15, ECF No. 37-1.) The Court discussed that standard at length in its previous Opinion and will not re-state it here. Suffice it to say, the Court previously determined that Defendants have asserted a facial attack pursuant to FED. R. CIV. P. 12(b)(1),

3

The United States has sovereign immunity except where it consents to be sued. United States v. Bormes, 133 S. Ct. 12, 16, (2012); United States v. Mitchell, 463 U.S. 206, 212 (1983). In the absence of such a waiver of immunity, Plaintiff cannot proceed in an action for damages against the United States. See FDIC v. Meyer, 510 U.S. 471, 484-87 (1994).

The Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2401, 2671, et seq., constitutes a limited waiver of the sovereign immunity of the United States. 28 U.S.C. § 2679(b)(1); White-Squire v. United States Postal Service, 592 F.3d 453, 456 (3d Cir. 2010). The Federal Tort Claims Act gives a district court exclusive jurisdiction over civil actions:

> [1] against the United States, [2] for money damages, ... [3] for injury or loss of property, ... [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

Deutsch v. United States, 67 F.3d 1080, 1091 (3d Cir. 1995) (quoting 28 U.S.C. § 1346(b)); see also CNA v. United States,

---

which requires that the Court "review only whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court . . . a facial attack calls for a district court to apply the same standard of review it would use in considering a motion to dismiss under Rule 12(b)(6)." (June 15, 2016 Opinion 7-8, ECF No. 29) (internal citations omitted).

535 F.3d 132, 141 (3d Cir. 2008) (quoting FDIC v. Meyer, 510 U.S. at 477); United States v. Muniz, 374 U.S. 150 (1963).

The FTCA, however, does not encompass all torts committed by federal government employees. Rather, the "discretionary function" exception provides that the provisions of the FTCA shall not apply to any claim "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). To determine whether the discretionary function exception applies, a court must determine (1) "whether the act involves an 'element of judgment or choice,'" and (2), if so, "'whether that judgment is of the kind that the discretionary function exception was designed to shield.'" Mitchell v. United States, 225 F.3d 361 (3d Cir. 2000) (quoting United States v. Gaubert, 499 U.S. 315, 322 (1991)). More specifically, with respect to the second requirement, the discretionary function exception "protects only governmental actions and decisions based on considerations of public policy." Berkovitz v. United States, 486 U.S. 531, 537, 108 S. Ct. 1954, 100 L.Ed.2d 531 (1988). See generally S.R.P. ex rel. Abunabba v. United States, 676 F.3d 329 (3d Cir. 2012).

In its previous dismissal Opinion, the Court found that "although Plaintiff alleged that Defendants were negligent by:

5

(1) leaving the front door unlocked in between ten minute moves; (2) failing to monitor the housing unit while the door was unlocked; (3) failing to have sufficient guards stations in and near the unlocked door; and (4) failing to confine Unknown Inmate, neither the Amended Complaint, nor any of Plaintiff's subsequent filings, refers to any federal statute, regulation, or policy requiring the BOP to take these specific courses of action." (Opinion 13.) The Court further found that Plaintiff's reliance on the Inmate Handbook policy was misplaced because that policy precludes inmates from engaging in certain behavior, as opposed to affirmatively prescribing a particular action on the part of BOP employees. (Id.)

In response to the Court's finding that there was no federal statute, regulation or policy which required Defendants to undertake the actions identified by Plaintiff, in his SAC, Plaintiff relies on a provision of the Bureau of Prisons Institution Supplement on Inmate Accountability Number FTD 5500.12D which states:

> Staff members will be required to account for each inmate in his/her area of responsibility. Staff will check their Detail Crew Kits to ensure accountability of all inmates under their supervision. All inmates will be challenged to determine if they are authorized to be in that area or if they are absent from an area or detail without authorization.

(SAC ¶ 18.)

6

However, attached to their Motion to Dismiss, Defendants provide the entire Institution Supplement, which, both parties acknowledge, establishes that that provision is applicable only during lockdown accountability checks.  (Mot., Ex. 1, ECF No. 1-3.)  Because the assault did not occur during a lockdown, it appears this policy could not create a mandatory duty with which Defendants failed to comply.

Plaintiff appears to also rely on two other provisions of the Institution Supplement for the proposition that the discretionary exception does not apply: (1) employees are "responsible for the accountability of all inmates in their assigned areas, details, and housing units;" and (2) employees "share an equal responsibility with regard to inmate accountability."  (Am. Compl. ¶ 18.)  However, these provisions do not "specifically prescribe[] a course of action for an employee to follow...." Mitchell, 225 F.3d at 363.  Instead, they generally describe the role of the prison employees when supervising the inmates and do not create a mandatory duty.

Finally, Plaintiff again argues that the Inmate Handbook created a mandatory duty.  That argument was already considered and rejected by the Court in its previous Opinion and the Court will not re-address it here.

Therefore, because Plaintiff has failed to point to a "federal statute, regulation, or policy required the BOP to take a

7

particular course of action to ensure [Plaintiff's] safety from attacks by other inmates" and for the reasons stated in the Court's June 15th Opinion and Order, his FTCA claim will be dismissed without prejudice.[2]

**B. Bivens Claim[3]**

As stated in the Court's prior Opinion:

> In <u>Bivens v. Six Unknown Fed. Narcotics Agents</u>, 403 U.S. 388(1971), the Supreme Court held that a violation of the Fourth Amendment by a federal agent acting under color of his authority gives rise to a cause of action against that agent, individually, for damages. The Supreme Court has also implied damages remedies directly under the Eighth Amendment, see <u>Carlson v. Green</u>, 446 U.S. 14, 100 S. Ct. 1468, 64 L.Ed.2d 15 (1980), and the Fifth

---

[2] To the extent Plaintiff is attempting to amend the Complaint to include allegations regarding "post orders" or a "negligent guard theory" through his brief (Opp'n 19, 23), such an attempt is inappropriate. See <u>Swift v. Pandey</u>, No. 13-649, 2013 WL 6022093, at *2 (D.N.J. Nov. 13, 2013) (citing <u>Pennsylvania ex rel. v. Zimmerman v. Pepsico</u>, 836 F.2d 173 (3d Cir.1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss")). Plaintiff must seek permission to file an amended complaint to include these factual allegations.

[3] Defendants seek dismissal of this claim pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court also discussed the standard for 12(b)(6) motions at length in its prior Opinion and will not restate it at length here. In short, when considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. <u>Evancho v. Fisher</u>, 423 F.3d 347, 351 (3d Cir. 2005). A pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

Amendment, see Davis v. Passman, 442 U.S. 228, 99 S. Ct. 2264, 60 L.Ed.2d 846 (1979). But "the absence of statutory relief for a constitutional violation does not necessarily mean that courts should create a damages remedy against the officer responsible for the violation." Schreiber v. Mastrogiovanni, 214 F.3d 148, 152 (3d Cir. 2000) (citing Schweiker v. Chilicky, 487 U.S. 412, 108 S. Ct. 2460, 101 L.Ed.2d 370 (1988)).

Bivens actions are simply the federal counterpart to § 1983 actions brought against state officials who violate federal constitutional or statutory rights. See Egervary v. Young, 366 F.3d 238, 246 (3d Cir. 2004), cert. denied, 543 U.S. 1049, 125 S. Ct. 868, 160 L.Ed.2d 769 (2005). Both are designed to provide redress for constitutional violations. Thus, while the two bodies of law are not "precisely parallel", there is a "general trend" to incorporate § 1983 law into Bivens suits. See Chin v. Bowen, 833 F.2d 21, 24 (2d Cir. 1987).

In order to state a claim under Bivens, a claimant must show: (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) that the deprivation of the right was caused by an official acting under color of federal law. See Couden v. Duffy, 446 F.3d 483, 491 (3d Cir. 2006) (stating that under Section 1983 "an individual may bring suit for damages against any person who, acting under color of state law, deprives another individual of any rights, privileges, or immunities secured by the United States Constitution or federal law," and that Bivens held that a parallel right exists against federal officials); see also Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 66, 122 S. Ct. 515, 518, 151 L. Ed. 2d 456 (2001).

Under the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement, including adequate personal

safety. Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970, 128 L.Ed.2d 811 (1994); Young v. Quinlan, 960 F.2d 351, 364 (3d Cir. 1992). Accordingly, prison officials must take reasonable measures "to protect prisoners from violence at the hands of other prisoners." Farmer, 511 U.S. at 833 (internal quotations omitted). "Being violently assaulted in prison is simply 'not part of the penalty that criminal offenders pay for their offenses against society.'" Id. at 834 (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 101 S. Ct. 2392, 69 L.Ed.2d 59 (1981)).

To successfully state a failure-to-protect claim for violation of the Eighth Amendment, as always, an inmate must satisfy both the objective and subjective components of such a claim. The inmate must allege a deprivation which was "sufficiently serious," and that, in their actions or omissions, prison officials exhibited "deliberate indifference" to the inmate's health or safety. See Farmer, 511 U.S. at 834; Wilson v. Seiter, 501 U.S. 294, 305, 111 S. Ct. 2321, 115 L.Ed.2d 271 (1991); Beers-Capitol v. Whetzel, 256 F.3d 120, 125 (3d Cir. 2001); Nami v. Fauver, 82 F.3d 63, 67 (3d Cir. 1996).

In the context of a failure-to-protect claim, the inmate must show that he is "incarcerated under conditions posing a substantial risk of harm," Farmer, 511 U.S. at 833, and that prison officials knew of and disregarded the excessive risk to inmate safety, id. at 837. "A pervasive risk of harm may not ordinarily be shown by pointing to a single incident or isolated incidents, but it may be established by much less than proof of a reign of violence and terror." Riley v. Jeffes, 777 F.2d 143, 147 (3d Cir. 1985). Deliberate indifference is more than a mere lack of ordinary due care; however, it is a state of mind equivalent to a reckless disregard of a known risk of harm. Farmer, 511 U.S. at 834. That is, not only must a prison official be "aware of facts from which the inference could be drawn that a

> substantial risk of serious harm exists," but the official "must also draw the inference." Farmer, 511 U.S. at 837. "Whether ... prison official[s] had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, and a fact finder may conclude that ... prison official[s] knew of a substantial risk from the very fact that the risk was obvious." Farmer, 511 U.S. at 842.

(June 15, 2016 Opinion 16-20.)

**1. Defendant Bazydlo**

With regard to Defendant Bazydlo, Defendants argue that the SAC fails to allege sufficient facts to suggest that he had actual knowledge of an elevated risk in advance of the attack. (Mot. 31.) They further argue that Plaintiff fails to allege that he put the Defendants on notice of a known risk from a particular inmate. (Id.)

In his SAC, Plaintiff alleges that on August 24, 2013, he informed Defendant Bazydlo that "inmates who were assigned to other housing units were planning on coming to Unit 5711 and that he should do a walk through of Unit 5711." (SAC ¶ 21.) After he spoke to Defendant Bazydlo, Plaintiff was assaulted in the bathroom by Unknown Inmate. (Id. ¶ 22.) When Defendant Bazydlo discovered Plaintiff after the assault and saw his injuries, he stated to another officer that he "wondered if this had happened as retaliation for Plaintiff reporting to him unauthorized inmates in Unit 5711." (Id. ¶ 23.)

While the Court recognizes that Plaintiff did not inform Defendant Bazydlo that Unknown Inmate was planning to come to Unit 5711 or even that there was any threat from the inmates who were planning to come, at this early motion to dismiss juncture, the Court finds that Defendant Bazydlo's statement to the other officer after the assault could suggest that he was aware of a risk to Plaintiff based on his reporting the unauthorized inmates and was deliberately indifferent to that risk of harm at the hands of the unauthorized inmates. See Farmer, 511 U.S. at 833-37. As such, Defendants' motion to dismiss against Defendant Bazydlo is denied.

**2. Defendants Nevins and Hollingsworth**

As acknowledged by both parties, supervisory liability is available only if the supervisor (1) "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm," or (2) "participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." Dinote v. Danberg, 601 F. App'x 127, 131 (3d Cir. 2015).

In their Motion to Dismiss, Defendants argue that Plaintiff fails to make any specific factual allegations of personal involvement against Defendants Nevins and Hollingsworth and

12

impermissibly relies on a theory of respondeat superior. However, in his SAC, Plaintiff alleges that Defendant Nevins: (1) had a policy in place to leave the front door to Unit 5711 unlocked in between ten minute moves; (2) had a policy in place whereby they failed to monitor the only door with ingress and egress into Unit 5711 during the ten minute moves; (3) failed to monitor the door on August 24, 2013 and allowed Plaintiff's attacker to gain access; (4) failed to develop and implement adequate safety and security procedures to prevent Unknown Inmate from gaining unauthorized access to Unit 5711; (5) failed to adequately train Defendant Bazydlo to keep the door to Unit 5711 locked and/or monitor the door during ten minute moves; (6) failed to have sufficient guards stationed near the door to Unit 5711; and (7) failed to properly confine Unknown Inmate. (SAC ¶ 26.)

Similarly, Plaintiff alleges that Defendant Hollingsworth: (1) failed to develop and implement adequate safety and security procedures to prevent Unknown Inmate from gaining unauthorized access to Unit 5711; (2) failed to adequately train Defendant Nevins to keep the door to Unit 5711 locked and/or monitor the door during ten minute moves; (3) failed to have sufficient guards stationed near the door to Unit 5711; and (4) failed to properly confine Unknown Inmate. (SAC ¶ 26.)

Certainly, Plaintiff does make factual allegations against Defendants Nevins and Hollingsworth which extend beyond respondeat superior and which relate to their role in policy-making. As a result, Defendants' Motion to Dismiss the claims against Defendants Nevins and Hollingsworth is denied.

3. **Qualified Immunity**

Defendants argue that they are entitled to qualified immunity. "Qualified immunity shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." Reichle v. Howards, 566 U.S. 658, 132 S. Ct. 2088, 2093 (2012). In order to determine whether a government official is entitled to qualified immunity, two questions are to be asked: (1) has the plaintiff alleged or shown a violation of a constitutional right, and (2) is the right at issue "clearly established" at the time of the defendant's alleged misconduct. Pearson v. Callahan, 555 U.S. 223, 236 (2009). Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first." Id. It is the defendant's burden to establish entitlement to qualified immunity. Harrison v. City of Atl. City, No. 11-6292, 2017 WL 2256961, at *4 (D.N.J. May 23, 2017) (citing Kopec v. Tate, 361

F.3d 772 (3d Cir. 2004); Muth v. Woodring, 666 F. App'x 137, 139 (3d Cir. 2016)

Defendants discuss only the "clearly established" prong of the qualified immunity test. Relying on the Third Circuit's holding in Spady v. Bethlehem Area Sch. Dist., 800 F.3d 633 (3d Cir. 2015), Defendants argue that the relevant question is whether at the time of the alleged assault, was it "clearly established" that correctional officers violate the Eighth Amendment by implementing FCI Ft. Dix's security policies, which allowed for housing units to remain unlocked, and for inmate movements during ten minute moves. (Mot. 39.) However, this framing of the issue fails to consider the facts discussed above. Specifically, Plaintiff alleges that he informed Defendant Bazydlo that other inmates were planning to come to the Unit; that after he informed Defendant Bazydlo about the other inmates, he was assaulted by one of the other inmates; and after the assault, Defendant Bazydlo surmised as to whether the assault was based on Plaintiff's informing him about the unauthorized inmates. Because Defendants did not consider these facts when delineating the relevant "clearly established" right, their request for qualified immunity is denied without prejudice at this time.

**III. CONCLUSION**

For the reasons set forth above, Defendants' Motion to Dismiss (ECF No. 37) will be GRANTED as it relates to the Federal Tort Claims Act claim and DENIED as it relates to the <u>Bivens</u> claims.

An appropriate Order follows.

|  |  |
|---|---|
| Dated: June 28, 2017<br>At Camden, New Jersey | s/ Noel L. Hillman<br>NOEL L. HILLMAN<br>United States District Judge |